UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| *Plaintiff,* | § |
| v. | § Civil Action No. 7:14-cv-979 |
| ALEXI HINOJOSA MATOS and | § |
| DA & EMIOLI TRANSPORTATION, | § |
| *Defendants.* | § |

## COMPLAINT

The United States of America ("the United States"), by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, brings this action against Matos Alexi Hinojosa Matos and DA & Emioli Transportation (collectively referred to herein as "Defendants"), and alleges the following:

### I.
### NATURE OF ACTION

1. This action arises out of Defendants failure on December 18, 2009, to prevent the use of a bus they exercised ownership and/or control over to smuggle a large quantity of narcotics into the United States at the Port of Entry at Hidalgo, Texas. The United States brings this action to recover civil monetary penalties under the Tariff Act of 1930, 19 U.S.C. § 1584.

### II.
### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 (United States as plaintiff) and 1355 (Fine, penalty or forfeiture).

3. Defendants reside and are found in this district. The acts alleged herein occurred in this district. The civil monetary penalties at issue have accrued in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1395.

### III.
### PARTIES

4. Plaintiff is the United States of America, and brings this action on behalf of the United States Department of Homeland Security, Customs and Border Protection ("CBP"), which is vested with the duty to enforce and execute, *inter alia*, provisions of Title 19 of the United States Code.

5. Defendant Alexi Hinojosa Matos is an individual believed to reside within the district and specifically within Houston, Texas. It is believed he owns Defendant DA & Emioli Transportation, and/or is using that name as a d/b/a (doing business as). Defendant may be served with process at his last known address: 11115 Sageview Drive, Houston, Texas 77089.

6. Defendant DA & Emioli Transportation is a company with a principal place of business in Houston, Texas. At all times relevant to this action, Defendant DA & Emioli Transportation was doing business in this district. Defendant may be served with process at its last known address: 10103 Hammerly Boulevard, Houston, Texas 77080.

### IV.
### GENERAL ALLEGATIONS

7. The United States, as sovereign, has the inherent interest and authority to protect its territorial integrity. Nowhere is the government's interest and authority in preventing the entry of unwanted persons and effects greater than at the international border. Dating back to the nation's earliest customs statue, Act of July 31, 1789, ch. 5, 1 Stat. 29, Congress has expressed its determination to grant customs officials full power and authority to prevent articles from

being introduced unlawfully to the United States. Through the enactment of the Tariff Act of 1930, at 19 U.S.C. § 1584, as amended, Congress has deemed fit to impose significant economic penalties upon those whose conveyances are used to introduce contraband into the United States.

8. CBP is a component of the Department of Homeland Security and serves as the guardian of this nation's borders. CBP has plenary powers to meet its priority mission to keep terrorists and their weapons out of the United States and to prevent the smuggling of illicit narcotics and other contraband into the country. CBP is authorized to conduct searches at international border ports of entry, or their functional equivalents, of vessels and vehicles, without cause, before allowing them entry into and transit throughout the United States.

9. Pursuant to 19 U.S.C. §1584, the master of a vessel, or the owner or person in charge of a vehicle, bound to the United States, is required to submit to CBP a manifest that accurately identifies all merchandise on board the vessel or vehicle. Merchandise within the meaning of the Tariff Act includes cocaine and other illegal narcotics. 19 U.S.C. § 1401(m). The manifest must be signed, produced, and delivered or electronically transmitted by the master or person in charge of the vessel, aircraft, or vehicle, or by any other authorized agent of the owner or operator. 19 U.S.C. § 1431, 1433. A bus is a "vehicle" within the meaning of the Tariff Act, which defines a vehicle as "every description of carriage or other contrivance used, or capable of being used, as a means of transportation on land, but does not include aircraft." 19 U.S.C. § 1401(b).

10. A violation of 19 U.S.C. § 1584 mandates the imposition of civil monetary penalties. Where a manifest does not properly identify merchandise on board due to the presence of illicit narcotics, the statute fixes a penalty based on the type and quantity of the narcotic

# (continued)

found. Specifically, for cocaine, the penalty shall be assessed at a level of $1,000 per ounce. 19 U.S.C. § 1584(a)(2).

11. On December 18, 2009, Defendants caused a 1995 Dina Passenger Bus that they either owned or leased to enter the United States from Mexico. Defendants had ownership and/or control over this bus, by virtue of a purchase or lease contract.

12. On December 18, 2009, CBP inspected this bus at the Port of Entry at Hidalgo, Texas, to ensure that all merchandise on board had been properly identified and declared, and that the bus was not carrying contraband, including illicit narcotics. During the course of the inspection, CBP discovered 71.70 kilograms of cocaine concealed in front cross-member of the bus. No cocaine was manifested or declared.

13. Defendants violated 19 U.S.C. § 1584 as alleged herein. Defendants were statutory persons in charge of the bus and were responsible for the submission of a manifest that accurately identified the merchandise on board the bus. Based upon this violation, CBP imposed a mandatory monetary penalty in the amount of $2,523,400. CBP provided written notice and demand for payment of this penalty.

14. On September 17, 2010, CBP received a petition for relief from the penalty filed by counsel on behalf of Defendants. On September 9, 2011, CBP issued a letter by which it advised Defendants, through their counsel, that the Agency had determined that Defendants had acted negligently and therefore were liable for the penalty; however, CBP offered Defendants the opportunity to pay a mitigated amount. The September 9, 2011 letter also advised Defendants that failure to pay the mitigated amount would result in appropriate action to collect the full amount of penalty assessed. Defendants failed to make any payment towards the penalty.

15. To date, Defendants have failed and refused to pay the civil penalty of $2,523,400 or any offered mitigated amount.

16. The Tariff Act provides a narrow exception to liability for the failure to manifest illicit narcotics under § 1584(a)(2) if, among other requirements, neither the master nor the owner of the vessel knew, and could not, but by the exercise of the highest degree of care and diligence, have known, that such narcotics were on board. Defendants are not entitled to application of this narrow exception because, as the statute expressly provides, the exception applies only to vessels, not vehicles. As defined by statute, "the word 'vessel' includes every description of water craft or other contrivance used, or capable of being used, as a means of transportation in water, but does not include aircraft." 19 U.S.C. § 1401(a). Defendants also cannot avail themselves of this narrow exception for the additional reason that they failed to meet the highest degree of care and diligence standard.

17. The United States commences this action timely and in accordance with any applicable statute of limitations.

## V.
## PRAYER FOR RELIEF

WHEREFORE, the United States prays for judgment in its favor as follows:

1. For civil penalties in the amount of $2,523,400, plus interest as allowed by law;
2. For the United States' costs of this action; and
3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

*/s/ David Guerra*
DAVID GUERRA
Assistant United States Attorney
Southern District of Texas
1701 W. Hwy. 83, Suite 600
McAllen, Texas 78501
956.618.8010/956.618.8016 fax
Texas Bar No. 08575200
Southern District of Texas No. 14435